J-S75041-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| v. | : | |
| | : | |
| JAMES EVERETT, III, | : | |
| | : | |
| Appellant | : | No. 228 EDA 2016 |

Appeal from the PCRA Order December 4, 2015
in the Court of Common Pleas of Philadelphia County,
Criminal Division, No(s):  CP-51-CR-0100251-1986

BEFORE:  BOWES, MOULTON and MUSMANNO, JJ.

MEMORANDUM BY MUSMANNO, J.:　　　　　**FILED NOVEMBER 23, 2016**

James Everett, III ("Everett"), appeals, *pro se*, from the Order dismissing his sixth Petition for relief filed pursuant to the Post Conviction Relief Act ("PCRA").  **See** 42 Pa.C.S.A. §§ 9541-9546.  We affirm.

On April 4, 1987, following a jury trial, Everett was convicted of first-degree murder and possession of an instrument of crime.[1]  The trial court sentenced Everett to a term of life in prison for the first-degree murder conviction, and a concurrent term of 2½ to 5 years for possessing an instrument of crime.  This Court affirmed Everett's judgment of sentence on November 2, 1988.  **See Commonwealth v. Everett**, 555 A.2d 244 (Pa. Super. 1988) (unpublished memorandum).

On May 18, 2012, Everett, *pro se*, filed the instant PCRA Petition, his sixth.  Everett subsequently filed two Amended Petitions, one in July 2012,

---

[1] 18 Pa.C.S.A. §§ 2502(a), 907.

and one in August 2013. The PCRA court issued a Pa.R.Crim.P. 907 Notice of Intent to Dismiss, and Everett filed a Response. The PCRA court dismissed Everett's Petition as untimely filed on December 4, 2015.[2] Thereafter, Everett filed the instant timely appeal.

On appeal, Everett raises the following questions for our review:

I. Whether the [PCRA] court[']s 43[-]month inordinate[,] inexcusable delay in deciding [Everett's] *Martinez v. Ryan*[, 132 S. Ct. 1309 (2012)[3]] claim of initial-review collateral counsel[']s ineffectiveness[,] causing [the] default of [a] substantive claim of trial/[appellate] counsel's ineffectiveness, therein prejudiced [Everett's] right to federal review, where the [PCRA] court[']s review/analysis failed to establish by record evidence of facts that [Everett's] claim did not fit within the *Martinez* holding for collateral review[?]

II. Whether the [PCRA] court[,] in its decision to govern [Everett's] claim of illegal/unlawful sentence of life imprisonment, where the [PCRA] court[']s [] lack of statutory authority, and/or subject matter/persona[l] jurisdiction to impose, under the time bar provision was/is in violation of due process, and unsupported by case law [and] record evidence to deny relief, where [a] claim of illegal/unlawful sentence is non-waivable and can be raised at any time[?]

---

[2] The PCRA court noted that its Order dismissing Everett's PCRA Petition as untimely filed "also covers [Everett's] Writs of *Habeas Corpus* and all of his subsequent petitions, motions and responses, which pertain to [Everett's] current PCRA [P]etition and which have been filed to date with [the PCRA] court." PCRA Court Memorandum and Order, 12/4/15, at 8.

[3] In *Martinez*, the United States Supreme Court held that "[w]here, under state law, claims of ineffective assistance of trial counsel must be raised in an initial-review collateral proceeding, a procedural default will not bar a *federal habeas court* from hearing a substantial claim of ineffective assistance at trial if, in the initial-review collateral proceeding, there was no counsel or counsel in that proceeding was ineffective." *Martinez*, 132 S. Ct. at 1320 (emphasis added).

- 2 -

Brief for Appellant at ii (footnote added).

> We review an order dismissing a petition under the PCRA in the light most favorable to the prevailing party at the PCRA level. This review is limited to the findings of the PCRA court and the evidence of the record. We will not disturb a PCRA court's ruling if it is supported by evidence of record and is free of legal error.

*Commonwealth v. Ford*, 44 A.3d 1190, 1194 (Pa. Super. 2012) (citations omitted).

Initially, under the PCRA, any PCRA petition, "*including a second or subsequent petition*, shall be filed within one year of the date the judgment becomes final[.]" 42 Pa.C.S.A. § 9545(b)(1) (emphasis added). A judgment of sentence becomes final "at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review." *Id.* § 9545(b)(3). The PCRA's timeliness requirements are jurisdictional in nature and a court may not address the merits of the issues raised if the PCRA petition was not timely filed. *Commonwealth v. Albrecht*, 994 A.2d 1091, 1093 (Pa. 2010).

Everett's judgment of sentence became final in December 1988, when the time for filing a petition for allowance of appeal with the Pennsylvania Supreme Court expired. *See* 42 Pa.C.S.A. § 9545(b)(3); *see also* Pa.R.A.P. 1113. Because Everett filed the instant Petition nearly three decades later, his Petition is facially untimely.

However, Pennsylvania courts may consider an untimely petition if the appellant can explicitly plead and prove one of three exceptions set forth under 42 Pa.C.S.A. § 9545(b)(1)(i-iii). Any petition invoking one of these exceptions "shall be filed within 60 days of the date the claim could have been presented." *Id.* § 9545(b)(2); *Albrecht*, 994 A.2d at 1094.

In his first claim, Everett invokes the newly-recognized constitutional right exception, set forth at 42 Pa.C.S.A. § 9545(b)(1)(iii),[4] and claims that the United States Supreme Court decision in *Martinez* entitles him to redress on his previously raised ineffective assistance of counsel claims. Brief for Appellant at 8-11. Everett claims that he has not been granted the review to which the *Martinez* decision entitles him. *Id.* at 12. Additionally, Everett asserts that the *Martinez* decision set forth a substantive rule, which applies retroactively. *Id.* at 13-16.

This Court has specifically considered the application of *Martinez* to Pennsylvania PCRA proceedings, and has determined that *Martinez* does not satisfy the newly-recognized constitutional right exception. *See Commonwealth v. Saunders*, 60 A.3d 162, 165 (Pa. Super. 2013) (stating that "[w]hile *Martinez* represents a significant development in federal

---

[4] In order to successfully invoke the newly-recognized constitutional right exception, a petitioner must plead and prove that "the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively." 42 Pa.C.S.A. § 9545(b)(1)(iii).

- 4 -

*habeas corpus* law, it is of no moment with respect to the way Pennsylvania courts apply the plain language of the time bar set forth in [S]ection 9545(b)(1) of the PCRA."). Thus, Everett is not entitled to relief on this claim.[5]

In his second claim, Everett challenges the lack of statutory authorization for his sentence. Brief for Appellant at 19-21. Everett claims that, at the time of his sentencing, the trial court could not impose a term of life in prison without first designating his case as a capital case. *Id.* at 21.

Everett's claim challenges the legality of his sentence, and such a claim is cognizable under the PCRA. *See* 42 Pa.C.S.A. § 9542 (stating that the PCRA "provides for an action by which … persons serving illegal sentences may obtain collateral relief."); *Commonwealth v. Rivera*, 95 A.3d 913, 915 (Pa. Super. 2014) (stating that "[i]f no statutory authorization exists for a particular sentence, that sentence is illegal and subject to correction") (citation omitted). However, a challenge to the legality of a sentence is still subject to the PCRA's jurisdictional requirements. *See Commonwealth v. Berry*, 877 A.2d 479, 482 (Pa. Super. 2005) (*en banc*) (stating that "a court may entertain a challenge to the legality of the sentence[,] so long as the court has jurisdiction to hear the claim. In the PCRA context, jurisdiction is tied to the filing of a timely

---

[5] To the extent that Everett claims that his counsel was ineffective, we note that "a claim of ineffective assistance of counsel does not save an otherwise untimely petition for review on the merits." *Commonwealth v. Fahy*, 737 A.2d 214, 223 (Pa. 1999).

PCRA petition."); *see also Commonwealth v. Infante*, 63 A.3d 358, 365 (Pa. Super. 2013) (stating that "[a]lthough legality of sentence is always subject to review within the PCRA, claims must still first satisfy the PCRA's time limits or one of the exceptions thereto.") (citation omitted).

As previously stated, Everett's Petition is facially untimely. Additionally, Everett failed to establish an exception to the PCRA's timeliness requirement. Accordingly, we lack jurisdiction to consider the merits of Everett's challenge to the legality of his sentence. *See Commonwealth v. Jones*, 932 A.2d 179, 182 (Pa. Super. 2007) (stating that when a petitioner challenges the legality of his sentence in an untimely PCRA petition, "the claim is not waived, but the jurisdictional limits of the PCRA itself render the claim incapable of review.").

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 11/23/2016